1 | **BIBIYAN LAW GROUP, P.C.**
Sarah H. Cohen (Cal. Bar No. 330700)
2 | *sarah@tomorrowlaw.com*
Lizette Rodriguez (Cal. Bar No. 335182)
3 | *lizette@tomorrowlaw.com*
4 | 1460 Westwood Boulevard
Los Angeles California 90024
5 | Tel: (310) 438-5555; Fax: (310) 300-1705

6 | Attorneys for Plaintiff, CARLOS RODRIGUEZ and
on behalf of all others similarly situated

7 |

8 | **UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

9 |

10 | CARLOS RODRIGUEZ, an individual and on behalf of all others similarly situated,

11 | Plaintiff,

12 | v.

13 |

14 |

15 | GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC., a Virginia Corporation; DAVID AIMILIOS, an individual; and DOES 1 through 100, inclusive,

16 |

17 |

18 | Defendants.

CASE NO.: 3:25-cv-0626-BAS-DEB

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;

2. FAILURE TO PAY MINIMUM WAGES;

3. FAILURE TO PROVIDE MEAL PERIODS;

4. FAILURE TO PROVIDE REST PERIODS;

5. WAITING TIME PENALTIES;

6. WAGE STATEMENT VIOLATIONS;

7. UNFAIR COMPETITION.

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $35,000.00]

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Boulevard
Los Angeles, California 90024
(310) 438-5555

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff CARLOS RODRIGUEZ, on behalf of Plaintiff and all others similarly situated, alleges as follows:

## **GENERAL ALLEGATIONS**

### **INTRODUCTION**

1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC., and any of its respective subsidiaries or affiliated companies within the State of California ("GENERAL DYNAMICS"); David Aimilios ("AIMILIOS" and collectively, with GENERAL DYNAMICS and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

### **PARTIES**

**A.     Plaintiff**

2.      Plaintiff CARLOS RODRIGUEZ is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, assisting electricians and welding. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff CARLOS RODRIGUEZ worked for Defendants from June of 2023 through to June of 2024.

**B.     Defendants**

3.      Plaintiff is informed and believes and based thereon alleges that defendant GENERAL DYNAMICS is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Virginia and doing business in the County of San Diego, State of California.

4.      Plaintiff is informed and believes and based thereon alleges that defendant AIMILIOS is, and at all times relevant hereto was, an individual residing in California, as well as Plaintiff operations supervisor at Defendants, and DOES 1 through 100, as further defined below.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise,

of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include GENERAL DYNAMICS, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as AIMILIOS and DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

6.     Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

7.     All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8.      Plaintiff is further informed and believes and based thereon alleges that AIMILIOS and DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

9.      Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

10.     Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of GENERAL DYNAMICS and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with AIMILIOS and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

A.   The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B.   The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

C.   Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D.   Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be

segregated, and the same are inextricable confusion.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.    The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations.  The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F.    Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

11.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

12.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

13.    Venue is proper in San Diego County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, San Diego County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in San Diego County, and because Defendants employ numerous Class Members in San Diego County.

# **FACTUAL BACKGROUND**

14.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

15.    For example, during his employment, Defendants maintained a practice and policy of maintaining sign in sheet for employees, including Plaintiff, that only captured his scheduled shift, not his actual time worked. Plaintiff was required to arrive at least thirty (30) minutes before his scheduled start time to gather his tools and materials from the game box at the jobsite, donn his safety equipment, and, at times, discuss tasks with supervisors. As a matter of policy and practice, Defendants did not pay Plaintiff for time he had worked before his scheduled start time because he was not allowed to write his actual start time on the written time sheets but was expected to be ready to start work at the start of his shift, which required him to complete these tasks beforehand. Additionally, Plaintiff was expected to work through the end of his shift and was not allowed to return equipment to supervisors until after their shift time ended. On average, this required Plaintiff to work another fifteen to thirty minutes, without being paid for this time. Plaintiff worked, on average, ten hours a day.

16.    For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

17.      For example, during his employment, Defendants maintained a practice and policy of maintaining sign in sheet for employees, including Plaintiff, that only captured his scheduled shift, not his actual time worked. Plaintiff, similar to other employees, was required to arrive at least thirty (30) minutes before his scheduled start time to gather his tools and materials from the game box at the jobsite, donn his safety equipment, and, at times, discuss tasks with supervisors. As a matter of policy and practice, Defendants did not pay Plaintiff for time he had worked before his scheduled start time because he was not allowed to write his actual start time on the written time sheets but was expected to be ready to start work at the start of his shift, which required him to complete these tasks beforehand. Additionally, Plaintiff, similar to other employees, was expected to work through the end of his shift and was not allowed to return equipment to supervisors until after their shift time ended. On average, this required Plaintiff to work another fifteen to thirty minutes, without being paid for this time.

18.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

19.      For example, throughout his employment, it was Defendants practice and policy to not to provide Plaintiff, and other employees, with a complete, timely 30-minute, duty-free uninterrupted meal periods for every five hours of work. Plaintiff, like other employees, had to cut his meal break short daily because he was expected to be back on the ship ready to work, and the 45-minute meal break resulted in less than 30-minutes after accounting for all of the walk time between the ship and where they could take their meal break, and donning their equipment. Additionally, Plaintiff's meal break was delayed approximately twice a week due to supervisors prioritizing deadlines or safety inspections. Plaintiff's meal break was also interrupted by supervisors asking work related questions two to three times a week. Plaintiff was never provided with a second meal break when he worked more than ten hours. Lastly, as a matter of practice and policy, Defendant did not provide Plaintiff

with a meal break premium throughout his employment.

20.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

21.     For example, throughout his employment, it was Defendants practice and policy to not provide Plaintiff with complete, timely, and uninterrupted 10-minute rest periods for every four hours worked or major fraction thereof. Instead, it was Defendants practice and policy to combine Plaintiff's rest breaks with his meal break, giving him a 45-minute meal break and no other rest breaks. As a result, Plaintiff was not allowed to take any uninterrupted 10-minute rest periods throughout his employment. Plaintiff was never provided with a rest break premium.

22.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, and premium wages.

23.     For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer.  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

24.     For example, even when Plaintiff suffered a missed or non-compliant meal break, a thirty-minute meal break deduction was still regularly applied to his final pay, and his hours also did not reflect all his actual hours worked.

25.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

26.    Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 245, *et seq.,* 510, 512, 558.1, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, requiring an agreement in writing to terms and/or conditions which Defendants know is prohibited by law, other such provisions of California law, and reasonable attorneys' fees and costs.

27.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

29.    Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

30.    This action has been brought and may properly be maintained as a class action under

the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.    Numerosity

31.    The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

32.    Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

### B.    Commonality

33.    There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.    Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.    Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

K.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

L.   Are Class Members entitled to costs and attorneys' fees?

M.   Are Class Members entitled to interest?

## C.   **Typicality**

34.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

## D.   **Adequacy of Representation**

35.   Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

## E.   **Superiority of Class Action**

36.   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to

recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

37.     Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

38.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

39.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

40.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

41.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

42.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay  to the detriment of Plaintiff and Class Members.

43.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

44.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

45.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

46.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

47.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

48.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

49.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

50.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages,

reasonable attorneys' fees and costs of suit.

## **THIRD CAUSE OF ACTION**

### **(Failure to Provide Meal Periods – Against All Defendants)**

51.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

52.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

53.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

54.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

55.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

56.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

57.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

58.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

**<u>FOURTH CAUSE OF ACTION</u>**

**(Failure to Provide Rest Periods – Against All Defendants)**

59.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

60.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

61.    California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

62.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

63.    For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.

Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

64.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

65.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

66.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

67.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

68.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

69.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the

1  time of resignation.

2      70.      Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years

3  before the filing of the Complaint in this Action through the present, Defendants, due to the failure,

4  at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all

5  wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

6      71.      Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

7  Class Members all wages earned prior to termination or resignation in accordance with Labor Code

8  sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and

9  Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but

10  intentionally adopted policies or practices incompatible with the requirements of Labor Code sections

11  201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or

12  resignation.

13      72.      Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

14  waiting time penalties from the date their earned and unpaid wages were due, upon termination or

15  resignation, until paid, up to a maximum of thirty (30) days.

16      73.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

17  suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

18  prior to termination or resignation.

19      74.      Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

20  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

21  waiting time penalties, interest, and their costs of suit, as well.

22                          **SIXTH CAUSE OF ACTION**

23              **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

24      75.      Plaintiff realleges and incorporates by reference all of the allegations contained in the

25  preceding paragraphs as though fully set forth hereat.

26      76.      At all relevant times, Plaintiff and Class Members were employees or former

27  employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

28

77.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; and the name and address of the entity securing the services of the farm labor contractor who employed Plaintiff and Class Members, among other things.

78.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; and the name and address of the entity securing the services of the farm labor contractor who employed Plaintiff and Class Members, among other things.

79.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

80.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

81.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

82.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

<u>**SEVENTH CAUSE OF ACTION**</u>

**(Unfair Competition – Against All Defendants)**

83.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

84.     Plaintiff is informed and believes and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Plaintiff is further informed and believes and based thereon alleges that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

85.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

86.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and

requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

87.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

88.     Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.     An order certifying this case as a Class Action;

B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.     Damages for all wages earned and owed, including minimum and overtime wages, under Labor Code sections 510, 558.1, 1194, 1197 and 1199;

D.     Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E.     Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F.     Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G.     Waiting time penalties under Labor Code sections 203 and 558.1;

H.     Penalties to timely pay wages under Labor Code section 210;

I.     Damages under Labor Code sections 558.1;

J.     Preliminary and permanent injunctions prohibiting Defendants from further violating

1    the California Labor Code and requiring the establishment of appropriate and

2    effective means to prevent future violations;

3    K.    Restitution of wages and benefits due which were acquired by means of any unfair

4    business practice, according to proof;

5    L.    Prejudgment and post-judgment interest at the maximum rate allowed by law;

6    M.    For attorneys' fees in prosecuting this action;

7    N.    For costs of suit incurred herein; and

8    O.    For such other and further relief as the Court deems just and proper.

9

10    Dated: December 17, 2025                BIBIYAN LAW GROUP, P.C.

11

12                                  BY:    */s/ Lizette Rodriguez*

13                                         Sarah H. Cohen
                                           Lizette Rodriguez

14
                                           Attorneys for Plaintiff CARLOS RODRIGUEZ
15                                         and on behalf of all others similarly situated

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT